UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re WILLIAM KIRKPATRICK, JR.,

Plaintiff.

Case No. 16-cv-03429-JST (PR)

**ORDER OF DISMISSAL**

This case was opened as a civil rights action pursuant to 42 U.S.C. § 1983 on June 20, 2016, when plaintiff, a prisoner of the State of California, filed a letter to the Honorable Thelton E. Henderson complaining about conditions at San Quentin State Prison. That day, the Clerk notified plaintiff that he had not filed a complaint or an application to proceed in forma pauperis ("IFP"). The Clerk also mailed to plaintiff the Court's complaint and IFP forms and told him that he must complete these documents within twenty-eight days or his action would be dismissed.

More than twenty-eight days have passed, and plaintiff has not completed the necessary documents. Plaintiff's IFP application is incomplete because plaintiff failed to file a Certificate of Funds completed and signed by an authorized prison officer, and a prison trust account statement detailing transactions for the last six months. In addition, rather than complete the blank civil rights complaint form, plaintiff filed the first page of a form petition for writ of habeas corpus. The information provided therein is difficult to understand and does not state a civil rights action pursuant to 42 U.S.C. § 1983.

Accordingly, this action is DISMISSED WITHOUT PREJUDICE. Any motion to reopen must contain a completed civil rights complaint form as well as a completed prisoner's IFP application

Plaintiff is advised that "'[c]hallenges to the lawfulness of confinement or to particulars

affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id. Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); see Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983." Skinner, 131 S. Ct. at 1293 (quoting Wilkinson, 544 U.S. at 82). As a consequence, challenges to prison conditions have traditionally been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004).

A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971). The opposite is not true, however: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, if upon reflection, plaintiff finds that a federal habeas petition is the more proper avenue for his claims and the relief that he seeks, he must file a separate federal habeas action under 28 U.S.C. § 2254.

The Clerk shall terminate all pending motions and close the file. The Clerk is further directed to include one copy of the Court's blank civil rights complaint form and one copy of the Court's blank § 2254 habeas petition form with a copy of this order to plaintiff.

IT IS SO ORDERED.

Dated: August 16, 2016

_____
JON S. TIGAR
United States District Judge